IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Farm Boy Co-op and Feed Co., LLC** § § § | |
| **Plaintiff,** § § | |
| v. § § | CIVIL ACTION NO. 09-CV-02936-ADM-JSM |
| **Red River Clothing, Inc.,** § § § | |
| **Defendant** § § | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, DISMISS FOR LACK OF PROPER VENUE, OR IN THE ALTERNATIVE TRANSFER VENUE OR STAY THE ACTION**

**INTRODUCTION AND SUMMARY OF ARGUMENT**

The instant action should be dismissed, or alternatively transferred to the Northern District of Texas for at least the following reasons:

- Judge Rosenbaum, considering almost the same evidence and facts, previously found personal jurisdiction lacking and transferred the case to the Northern District of Texas.

- Plaintiff is engaging in gamesmanship in an attempt to circumvent Judge Rosenbaum's order by re-filing the instant case after an adverse ruling.

- The new evidence is insufficient to warrant a reversal of Judge Rosenbaum's order.

Plaintiff Farm Boy Co-op and Feed Co., LLC (hereinafter "Plaintiff") has previously filed an identical complaint against Red River Clothing, Inc. (hereinafter "Red River"). Red River sought and was granted a motion to transfer to the Northern District of Texas. That suit is <u>still pending</u> in the Northern District of Texas after being consolidated with another case pending in that district. Plaintiff waited for Judge Rosenbaum to rule on the then pending motion to dismiss and transfer, and upon hearing an unfavorable ruling attempted to dismiss the suit and re-filed the instant action. Thus, Plaintiff is justice shopping in an attempt to obtain a more favorable ruling. This obvious gamesmanship cannot and should not be rewarded. Accordingly, the interest of justice favors transfer to the Northern District of Texas.

Very little has changed since Judge Rosenbaum transferred the first case down to Texas. Red River still has no employees in Minnesota, and conducts minimal business in Minnesota. Accordingly, this Court still lacks personal jurisdiction over Red River. Furthermore, because this Court lacks personal jurisdiction over Red River, venue is still improper and should be dismissed pursuant to F.R.C.P. 12(B)(3).

Even if there were no jurisdictional defects, this action should be transferred pursuant to 28 U.S.C. § 1404(a). The convenience of the parties and witnesses, which is the most important consideration, heavily favors transfer to the Northern District of Texas. All of Red River's employees, documents, manufacturing, and design take place in Texas. Such facts weigh in favor of transfer.

Finally, the instant action should be stayed pending resolution of the identical, and earlier filed, action pending in the Northern District of Texas. In the alternative, this action should be stayed pursuant to F.R.C.P. 41(d) until all costs have been repaid.

## PROCEDURAL HISTORY

Plaintiff filed the first action *Farm Boy Co-op and Feed Co., LLC v. Red River Clothing, Inc.*, Civil Action No. 09-CV-00748, (hereinafter "Case One") in the United States District Court, District of Minnesota on April 1, 2009. *See* Nikolai Decl. Ex. A. The instant action is identical to the Complaint in Case One except for one sentence which discusses a tradeshow which occurred in Minneapolis.

Red River moved to dismiss or transfer Case One. A hearing was held on October 15, 2009, and Judge Rosenbaum found there was a lack of personal jurisdiction and ordered a transfer of the action to the Northern District of Texas. On October 21, 2009, Case One was transferred to the Northern District of Texas. *See* Nikolai Decl., Ex. B.

Later that day, Plaintiff filed a motion to dismiss Case One in Minnesota which was ineffective as the case had already been transferred. *See* Nikolai Decl. Ex. C. Unknown to Red River, Plaintiff claims to have filed a voluntary dismissal in the Northern District of Texas on October 21, 2009. Plaintiff did not serve a copy of its voluntary dismissal in the Texas court on Red River. Red River filed an answer in Case One the same day it was transferred.

On October 22, 2009, Red River filed a declaratory judgment action, *Red River Clothing, Inc. v. Farm Boy Co-op and Feed Co., LLC*, Civ. No. 3:09-cv-2009 (hereinafter "Case Three") in the Northern District of Texas. On October 23, 2009, Case Three and

Case One were consolidated in the Northern District of Texas where they remain pending.  *See* Nikolai Decl. Ex. D.

## ARGUMENT

**I. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO F.R.C.P. 12(B)(2) FOR LACK OF PERSONAL JURISDICTION.**

**A.  Standard for Exercising Personal Jurisdiction**

To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must state sufficient facts in the complaint so as to support a reasonable inference that the defendant could be subject to personal jurisdiction in the forum state.  *Denver v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004).  After a defendant has challenged the prima facie case alleged in the complaint by denying personal jurisdiction, via affidavits or otherwise, the plaintiff has the burden to prove jurisdiction is proper.  *Id*.

Personal jurisdiction over a non-resident defendant exists only if the defendant has "minimum contacts with [the forum state] such that the maintenance of a suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Thus, the "central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should, therefore, reasonably anticipate being haled into court there." *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 561 (8th Cir. 2003).

**B.  Judge Rosenbaum's Ruling Should Not Be Overturned**

This Court lacks personal jurisdiction over Red River. As such, Judge Rosenbaum's ruling should not be overturned.

Judge Rosenbaum, under very similar facts, already found that this Court lacked personal jurisdiction over Red River. In Plaintiff's first attempt at conferring jurisdiction Plaintiff relied upon 1) Red River's *de minimis* sales into Minnesota for 2008, 2) third-party websites which featured Red River's products and were out of Red River's control, 3) Red River's passive website that does not even allow the purchase of product, and 4) third-party catalogs which feature Red River's products and over which Red River does not have any control. Judge Rosenbaum considered this evidence and found the evidence insufficient to find specific or general jurisdiction.

The **only** change in Plaintiff's second attempt is Red River's appearance at a tradeshow in Minnesota in August, after Case One was filed. However, this one factor is insufficient to warrant a reversal of Judge Rosenbaum's findings for a variety of reasons.[1] First, Plaintiff has failed to allege that any confusion resulted from Red River's presence in Minnesota. In fact, during the hearing Counsel for Plaintiff noted that the "instance of confusion that actually led to the filing of this case" was in regards to third-party catalogs which included Red River's products. Nikolai Decl, Ex. E, at pg. 13 of transcript. Accordingly, Plaintiff has failed to allege any confusion resulting from Red River's presence at a tradeshow. Second, it is worth noting that while at the tradeshow Red River did not sell product from its booth but only accepted orders. Further, of the

---

[1] While Judge Rosenbaum did not consider the tradeshow in his ruling, he was nonetheless aware of the tradeshow because the tradeshow was fully briefed and discussed during the oral hearing.

four products identified by Plaintiff in the complaint, there were no items shipped to Minnesota as a result of orders received at the Midstates Distributing Company. (Hannestad Dec. at ¶ 9.) This further undermines the importance of the tradeshow and illustrates that the additional evidence is insufficient to warrant a reversal of Judge Rosenbaum's order.

## II. **PLAINTIFF'S CLAIMS AGAINST RED RIVER SHOULD BE DISMISSED PURSUANT TO F.R.C.P. 12(B)(3) AS THIS COURT IS AN IMPROPER VENUE.**

This Court should dismiss this action, not only because it lacks jurisdiction over Red River, but also because venue is improper. Plaintiff alleges venue is proper under 28 U.S.C. § 1391(b). Under this statute, venue is proper in the following districts:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Accordingly, proper venue is found where a substantial part of the events giving rise to the claims occurred. As explained above, very little, if any, of the events giving rise to Plaintiff's claims occurred in Minnesota.[2] As such, venue in Minnesota is improper.

Taken further, a defendant corporation is deemed to reside in districts in which it is subject to personal jurisdiction. See 28 U.S.C. § 1391(c). For the reasons discussed

---

[2] In fact, as discussed above, Plaintiff stated that the entire basis for alleging confusion arose from a third-party catalog which was held insufficient to warrant a finding of personal jurisdiction.

herein above, this Court lacks personal jurisdiction over Red River.  Consequently, Minnesota is not a proper venue.

## III. THIS DISPUTE SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF TEXAS

Even if there were no jurisdictional defects with Plaintiff's lawsuit, this case should be transferred to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).  The Northern District of Texas is a proper venue because Red River resides in this district, and is subject to personal jurisdiction in this district.  In determining whether to transfer, the Court should consider the following factors: (a) the convenience of the parties, (b) the convenience of the witnesses, and (c) the interests of justice.  *See* 28 U.S.C. § 1404(a).

The convenience of the parties and the witnesses is "probably the single most important factor for the court since it determines the relative ease of access to sources of proof."  *Graff v. Quest Communications Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (Doty, J.).  This important factor heavily favors transfer of the instant action to the Northern District of Texas.

Red River is incorporated in Texas, and *all* of Red River's employees reside in Texas.  (Hannestad Dec. at ¶¶ 1, 4.)  Red River anticipates that the only fact witnesses to be called to testify are employed by Red River and reside in Texas.  The infringement and unfair competition claims will necessarily focus mostly on an analysis of Red River's conduct, products, and advertising literature, all of which are in Texas.  (Id. at ¶ 5.)  This Court is approximately 975 miles from Red River's headquarters, which is located in

Texas. Additionally, all manufacturing, shipping, and design takes place in Carrollton, Texas. (Id. at ¶ 3.) Further, all documents relating to the design, selection, and implementation of the product designs, including the allegedly infringing products, are in Texas. (Id. at ¶ 5.) Finally, Doug Miller, who designed one or more of the designs in question and who can and will testify as to how and when the designs were made resides in Plano Texas. (Id. at ¶ 10.). Likewise, Steven Hannestad, who resides in Lewisville, Texas, can and will testify as to all the advertising and promotion by Red River. (Id. at ¶ 11.) Red River is a small company, and it will be a tremendous burden on the company, and a tremendous burden for these individuals, who represent the bulk of the company, to travel almost 1,000 miles to testify.

It is worth noting that Plaintiff is already engaged in litigation in the Northern District of Texas. As noted, Case One was consolidated with Case Three. As such, there is pending litigation based in the Northern District of Texas which originated prior to the filing of this suit. Accordingly, much of the evidence and witnesses will have to be produced in the Northern District of Texas. Based on the foregoing, balancing the convenience of the parties and the witnesses clearly and heavily favors litigating the parties' dispute in the Northern District of Texas. For this reason alone, this suit should be transferred. *See Graff*, 33 F. Supp. 2d at 1121.

Furthermore, the interest of justice mandates that the dispute be transferred to the Northern District of Texas. Plaintiff is attempting to circumvent an unfavorable ruling by refilling. This issue has already been before the Court, and the Court transferred the case to the Northern District of Texas. Plaintiff allowed the issue of personal jurisdiction to be

fully briefed by both parties, proceed to an oral hearing, and be decided by Judge Rosenbaum. After disagreeing with the Court's decision, Plaintiff now refiles in an attempt to obtain a more favorable outcome. Essentially, Plaintiff is engaging in justice shopping. The interest of justice should not allow or reward such actions. Put differently, Plaintiff should not be allowed to circumvent Judge Rosenbaum's order by engaging in this obvious gamesmanship.

During the hearing Attorney for Plaintiff Lora Friedman stated that "[w]e could refile this case tomorrow based on that tradeshow alone as the basis for jurisdiction. And it's a no brainer, based on their attendance in Minnesota." Nikolai Decl, Ex. E at transcript pg. 18. However, Plaintiff did not dismiss and refile at that time. Rather, Plaintiff waited to see if it would receive a favorable decision from Judge Rosenbaum. It was only after it obtained the ruling that Plaintiff attempted to dismiss the previous action and refilled the instant action. Furthermore, Plaintiff did not immediately move to dismiss and refile, but waited nearly a week to initiate its gamesmanship. Plaintiff should not be allowed to take a wait and see approach. In so doing, Plaintiff has wasted the Court's time and wasted Red River's time and money. Plaintiff could have, as noted by Plaintiff's counsel, upon receiving a motion to dismiss for lack of personal jurisdiction, simply dismissed the case and refiled. Plaintiff's "wait and see" approach should not be rewarded because it is a waste of the resources of both the Court's and the Defendant.

Furthermore, it is worth noting that Plaintiff is trying to force a Texas corporation that had a total of $94.54 in sales of the allegedly infringing product in Minnesota for all

of 2008, and from January 1, 2009 to October 21, 2009 to litigate a dispute in Minnesota. (Hannestad Dec. at ¶ 7.) These sales are a very small fraction of the total sales. For example, in 2008 total sales in Minnesota accounted for only about 0.25% of national sales. (Id. ¶ 6.) For policy reasons, a party with such *de minimis* sales to Minnesota should not be required to litigate in Minnesota. As such, the interest of justice warrants that the case again be transferred to the Northern District of Texas.

## IV. PLAINTIFF'S CLAIMS AGAINST RED RIVER SHOULD BE STAYED PENDING RESOLUTION OF THE TRANSFERRED SUIT

As noted above, Case One was transferred to the Northern District of Texas where it was subsequently consolidated with Case Three. *See* Nikolai Decl. Ex. D. Accordingly, Case One is still pending in the United States District Court for the Northern District of Texas Dallas Division. As noted above, Case One includes the same claims, parties, and causes of action of Case Two. Accordingly, because Case One is presently still pending in the Northern District of Texas, the instant action should be stayed pending resolution in the Northern District of Texas to avoid duplicative litigation.

## V. PLAINTIFF'S CLAIMS AGAINST RED RIVER SHOULD BE STAYED PURSUANT TO F.R.C.P. 41(D).

In the alternative, Red River requests that this Court stay the instant action pursuant to F.R.C.P. 41(d). F.R.C.P. 41(d) states:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
> (1)     may order the plaintiff to pay all or part of the costs of that previous action; and
> (2)     may stay the proceedings until the plaintiff has complied.

The Eight Circuit has repeatedly stated that attorneys fees are recoverable as costs of court under F.R.C.P. 41(d). *See Evans v. Safeway Stores, Inc.*, 623 F.2d 121, 122 (8th Cir. 1980); *see also Edwards v. Ports Petroleum Co.*, No. 8:05cv307, 2006 U.S. Dist. LEXIS 33226 at *6 (D. Neb. May 23, 2006)(stating "if the Plaintiff commences a future action against the Defendant based on the same claim or claims, the Defendant may move

for an order for the payment of its costs incurred in this action, including attorney fees, pursuant to Fed. R. Civ. P. 41(d)."); *Copeland v. Hussmann Corp.*, 462 F. Supp. 2d 1012, 1023 (E.D. Mo. 2006)(citing *Evans*, 623 F.2d 121 in stating "[a] majority of cases" have found that costs include attorneys fees" and awarding attorneys fees for non-duplicative work).

As discussed herein, Plaintiff has engaged in justice shopping as it waited to hear the ruling from Judge Rosenbaum before refilling the instant action. Plaintiff could have dismissed the action early on upon realizing that this Court lacked personal jurisdiction over Red River. This would have conserved costs and time. In fact, time spent briefing the issue, preparing for hearing, and attending a hearing could have all been avoided. Instead, Plaintiff adopted a wait and see approach. When it received an unfavorable ruling, Plaintiff filed the same action, against the same defendant with virtually the same complaint. *See* Nikolai Decl. Ex. A. As such, pursuant to F.R.C.P. 41(d), Red River is entitled to its costs of court, including attorneys fees. Furthermore, Red River requests a stay of the instant proceedings until all recoverable costs have been repaid.

## CONCLUSION

For all the foregoing reasons, Red River respectfully request that the Court dismiss, or in the alternative transfer, this action. Further, Red River respectfully request that this Court stay the instant action in light of the identical action pending in the Northern District of Texas. Finally, in the alternative Red River requests that this Court stay the instant action until all recoverable costs have been repaid.


By:   s/Peter G. Nikolai                                       Date: November 17, 2009
      Peter G. Nikolai (#322,052)
      James J. Paige (#312,769)
      NIKOLAI & MERSEREAU, P.A.
      900 Second Avenue, Suite 820
      Minneapolis, MN 55402
      Tel: (612) 339-7461
      Fax: (612) 349-6556

      Bobby W. Braxton (*Pro Hac Vice*)
      David W. Carstens (*Pro Hac Vice*)
      CARSTENS & CAHOON, LLP
      13760 Noel Road
      Suite 900
      Dallas, TX 75240
      Tel: (972) 367-2001
      Fax: (972) 367-2002

      **ATTORNEYS FOR DEFENDANT**
      **RED RIVER CLOTHING, INC.**