UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Farm Boy Co-op and Feed Co., LLC,
a Minnesota limited liability company,

        Plaintiff,

v.

Red River Clothing, Inc., a Texas corporation,

        Defendant.

MEMORANDUM OPINION
AND ORDER
Civil No. 09-2936 ADM/JSM

_____

Lora M. Friedemann, Esq., and Joseph J. Cassioppi, Esq., Fredrikson & Byron, P.A., Minneapolis, MN, on behalf of Plaintiff.

Peter G. Nikolai, Esq., and James J. Paige, Esq., Nikolai & Mersereau, P.A., Minneapolis, MN; Bobby W. Braxton, Esq., and David W. Carstens, Esq., Carstens & Cahoon, LLP, Dallas, TX, on behalf of Defendant.
_____

## I. INTRODUCTION

On February 24, 2010, oral argument was heard before the undersigned United States District Judge on Defendant Red River Clothing, Inc.'s ("Red River") Motion to Dismiss for Lack of Personal Jurisdiction, Dismiss for Lack of Proper Venue, or in the Alternative Transfer Venue or Stay the Action [Docket No. 5]. For the reasons stated herein, Red River's Motion to transfer is granted.

## II. BACKGROUND

Plaintiff Farm Boy Co-op and Feed Co., LLC ("Farm Boy") is a Minnesota limited liability company with its principal place of business in Saint Paul, Minnesota. Compl. ¶ 1 [Docket No. 1]. Farm Boy owns the trademarks Farm Girl® and Farm Boy® and sells clothing and other products adorned with these marks. Id. ¶¶ 2, 9, 10. Red River, a Texas corporation

with its principal place of business in Carrollton, Texas, sells clothing and other related products. Id. ¶ 13.

Farm Boy alleges that Red River is selling products to Minnesota residents that infringe Farm Boy's trademark rights. Id. ¶ 8. On April 1, 2009, Plaintiff filed a trademark infringement action against Red River. Case No. 09-748 JMR/SRN. Red River moved to dismiss for lack of personal jurisdiction and to transfer venue to the Northern District of Texas. At the motions hearing, Farm Boy raised additional jurisdictional facts that occurred after Farm Boy filed its Complaint, namely that in August 2009, Red River attended a trade show in Minnesota where it displayed and took orders for the allegedly infringing products. Judge James M. Rosenbaum determined that he could not consider Red River's presence at the trade show because it occurred after Farm Boy filed its Complaint. Friedemann Decl. [Docket No. 17], Ex. B, Hearing Tr. 28:22-29:6. Judge Rosenbaum granted Red River's motion and transferred the case to Texas, finding that Red River's contacts with Minnesota were insufficient to justify the exercise of personal jurisdiction. Case No. 09-748 JMR/SRN, Order [Docket No. 22]; Ex. B at 29:15-30:19. Soon after the case was electronically transferred from Minnesota to Texas, Farm Boy filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a).

On October 21, 2009, Farm Boy filed the instant trademark infringement action against Red River and included the additional jurisdictional facts not in the original Complaint. The next day, Red River filed an action in the Northern District of Texas ("the Texas action") seeking a declaration that Farm Boy's trademarks are invalid and that Red River has not infringed Farm Boy's marks. That matter has been stayed pending resolution of Red River's current Motion.

# III. DISCUSSION

## A. Motion to Transfer Under § 1404(a)

Red River moves to transfer this action to the Northern District of Texas. Red River argues that transfer is appropriate under 28 U.S.C. § 1404(a),[1] the general transfer provision, which provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In analyzing a motion to transfer under § 1404(a), a district court employs a three-factor balancing test that considers "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." Terra Int'l Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). These factors are not exclusive, and a district court's decision on a motion to transfer "require[s] a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Id. Ultimately, a district court enjoys "much discretion" when deciding whether to grant a motion to transfer. Id. at 697.

In evaluating the convenience of the parties, the District of Minnesota - Farm Boy's home forum - would be most convenient for it, while the Northern District of Texas - Red River's home forum - would be most convenient for it. As acknowledged at oral argument, because one party will have to travel in either venue, this factor is neutral.

Regarding the convenience of the witnesses, Red River argues that the convenience of the witnesses favors transfer to Texas. Red River avers that the individuals identified as likely witnesses are its employees and reside in Texas. Farm Boy responds that it too has identified

---

[1] Under Section 1404(a), a court faced with a motion to transfer must first determine whether the action "might have been brought" in the proposed transferee district. There is no dispute that this action might have been brought in the Northen District of Texas.

several individuals as likely witnesses, all of whom are Farm Boy employees who live in Minnesota. In addition, Farm Boy has identified at least two non-party witnesses who are Minnesota residents to testify about the actual confusion each experienced as to the source of Red River's products.

Witnesses who are employees of a party are not a "paramount concern . . . because it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily in a foreign forum." LeMond Cycling, Inc. v. Trek Bicycle Corp., Civ. No. 08-1010, 2008 WL 2247084, at *3 (D. Minn. May 29, 2008). Thus, it is the inconvenience to non-party witnesses that is especially relevant. Advanced Logistics Consulting, Inc. v. C. Enyeart LLC, Civ. No. 09-720, 2009 WL 1684428, at *5 (D. Minn. June 16, 2009). Here, the only non-party witnesses who have been identified are the two Minnesota residents who will testify regarding actual confusion; therefore this factor weighs slightly against transfer.

When evaluating whether the interests of justice warrant transfer, courts typically consider such factors as "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) advantages of having a local court determine questions of local law." Terra Int'l, 119 F.3d at 696.

Farm Boy states that its choice of forum weighs heavily in its favor. Generally, courts give a plaintiff's choice of forum "considerable deference" in the transfer analysis, Terra Int'l, 119 F.3d at 695, but they give that choice "significantly less deference" where "the underlying events giving rise to the litigation did not occur in the forum." CBS Interactive Inc. v. Nat'l Football League Players Ass'n, Inc., 259 F.R.D. 398, 408 (D. Minn. 2009) (quotation marks

4

omitted). Red River is a Texas corporation that manufactures and designs the accused products in Texas. While the harm of the alleged infringement may have been felt in Minnesota, Farm Boy alleges that "Red River acted deliberately and willfully in an attempt to trade upon the goodwill associated with the Farm Girl® and Farm Boy® trademarks." Compl. ¶¶ 19, 26. Any deliberate and willful decisions or actions having to do with the alleged infringement were presumably made by Red River employees in Texas.

The pending Texas action involves similar issues concerning Red River's alleged trademark infringement. Transfer would allow the Texas court to hear both cases, thereby furthering judicial economy and avoiding inconsistent results. As the Supreme Court noted:

> To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy and money that § 1404(a) was designed to prevent. Moreover, such a situation is conducive to a race of diligence among litigants for a trial in the District Court each prefers.

Cont'l Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960). Courts have thus granted transfers to districts where related actions are already pending to permit cases to be consolidated into one proceeding. See Durabla Mfg. Co. v. Cont'l Cas. Co., No. 98-1596, 1998 WL 957250, at *5 (D. Minn. Oct. 26, 1998) (collecting cases); see also Pall Corp. v. PTI Technologies, Inc., 992 F. Supp. 196, 201 (E.D.N.Y. 1998) ("It is well established that '[t]ransfer is particularly appropriate where there is a prior lawsuit pending in the transferee district involving the same facts, transactions, or occurrences.") (alteration in original) (quoting Levitt v. State of Maryland Deposit Ins. Fund Corp., 643 F. Supp. 1485, 1493 (E.D.N.Y. 1986)); ("As a general proposition, cases should be transferred to districts were related actions are pending." Sec. and Exch.

Comm'n v. First Nat. Fin. Corp., 392 F.Supp. 239, 241 (D.C. Ill. 1975).[2] Farm Boy's claims in this action are dependent on proving that Red River infringed Farm Boy's trademarks, the question at issue in the Texas action. The Court therefore agrees that judicial resources would be wasted and that there would be a potential for inconsistent results if the two actions were to proceed in different courts.[3]

The interests of justice is often viewed as the most important factor. See Nelson v. Master Lease Corp., 759 F. Supp. 1397, 1402 (D. Minn. 1991). While the convenience of the parties is neutral and the convenience of the witnesses weighs only slightly against transfer, the interests of justice—most importantly, judicial economy and the concern for avoiding potentially inconsistent results—strongly favors transferring this action to the Northern District of Texas. The Court finds that Red River has carried its burden of showing that transfer to the Northern District of Texas is warranted. In light of this decision, the Court declines to reach the issues of whether dismissal is required for lack of proper venue or lack of personal jurisdiction.

---

[2] The Court recognizes that the "first-to-file" rule would suggest that the litigation remain here. However, "federal courts are not bound by rigid doctrines, such as the 'first to file' rule because '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems.'" White v. Nat. Football League, 822 F.Supp. 1389, 1434 (D. Minn. 1993) (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183-84 (1952)). The unusual procedural history here counsels against applying the general rule in this instance. While the Minnesota action was filed first, it preceded the filing of the Texas action by merely one day and it appears to be the product of a mutual race to the courthouse. Accordingly, the Court declines to accord priority to this action under the first-to-file rule. Had Farm Boy not voluntarily dismissed the first action when it learned that transfer to Texas was looming and refiled the instant action, the Texas action would have been the first-filed case.

[3] Whether after transfer, this action should be consolidated with the Texas action, is a determination to be made by the Texas court.

**B. Rule 41(d)**

Red River moves the Court pursuant to Federal Rule of Civil Procedure 41(d) for an award of costs, including attorney's fees, incurred in defending the previously dismissed action. Red River argues that an award is warranted because Farm Boy voluntarily dismissed the first action and subsequently refiled this suit in a blatant attempt at forum shopping. Red River further requests that the Court stay all proceedings pending payment of such award by Farm Boy. Farm Boy responds that it refiled the action so that additional jurisdictional facts could be considered.[4]

Rule 41(d) provides:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

Fed. R. Civ. P. 41(d). Rule 41(d) confers broad discretion on district courts to order payment of costs or a stay. Simeone v. First Bank Nat. Ass'n, 125 F.R.D. 150, 153 (D. Minn. 1989).

The Complaints in the first action and the instant action are not identical, rather, the Complaint in this action includes additional information than the allegations enumerated in the Complaint in the first action. Accordingly, Farm Boy's conduct does not rise to the level where an award of costs and a stay of proceedings is warranted.

---

[4] Farm Boy also argues that Rule 41(d) has been interpreted to permit an award of "costs" not including attorney's fees. Since no award is made, the Court makes no comment on whether Rule 41(d) includes an award of attorney's fees.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Red River's Motion to Dismiss for Lack of Personal Jurisdiction, Dismiss for Lack of Proper Venue, or in the Alternative Transfer Venue or Stay the Action [Docket No. 5] is **GRANTED** as to transfer of venue and **DENIED** as to an award of costs and a stay of proceedings; and

2. Venue shall be transferred to the United States District Court for the District of Texas.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 12, 2010.